# Peerless Coal Co. *v.* Lamar.

## *Bill to Cancel Lease.*

(Decided January 23, 1913. 60 South. 837.)

1. *Equity; Bill; Blanks.*—The fact that a bill contains a blank because of the failure to fill in a date does not go to the equity of the bill; it is enough that the date is certain by reference to other parts of the bill and exhibits thereto.

2. *Cancellation of Instruments; Bill; Privity.*—Where the bill in terms alleged the relation of landlord and tenant to exist between the parties it showed such a privity between them as to authorize a bill to cancel and annul the lease for breaches, and for an accounting as for rent.

3. *Same; Remedy at Law; Insolvency.*—In a bill to cancel and annul a mining lease for breaches, and for an accounting as for rents, the allegation that the respondent is insolvent and unable to work the property as contemplated by the contract, sufficiently showed that the remedy at law would be neither.adequate nor complete.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Bill by Howard Lamar against the Peerless Coal Company to cancel a lease. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The facts made by the bill are that the Black Warrior Coal Company owns certain lands described in the bill, and leased the same to G. W. Sherling, or his assigns, for the full term of 20 years, for a valuable consideration, on May 18, 1905; that in October, 1905, for a valuable consideration, Sherling duly transferred and assigned his interest in said lease to T. H. Friel and Harry Lyon; that on December 14, 1907, Friel and Lyon sold and assigned to complainant all their right and interest under said lease aforesaid; that while Friel and Lyon were owners of said lease, they entered into a contract by which they sublet to M. O. Ellis a part of such lands, which are described, but subject to certain conditions and stipulations, the lease being for 10 years, and the lessor reserving the right to cancel and terminate the sublease sooner at his election if the lessee, his successors, or assigns, should fail for a period of 60 days to pay the rents and royalties accrued, after demand in writing had been made, and also reserved the right to cancel and annual said lease by written notification, if the said lessee should fail to work said mine with reasonable diligence, or for their best development, or if in any way the covenant of this agreement be violated, or any injury or damage inflicted upon the property, etc.; that M. O. Ellis transferred and assigned his said lease to the Peerless Coal Company, this respondent, and that the Peerless Coal Company entered into the possession of said leased premises as the successor and assignee of said Ellis, and opened and developed coal mines and attorned and paid rent to Friel

[Peerless Coal Co. v. Lamar.]

and Lyon, while they were the owners of the lease, and for a while fully recognized complainant as its landlord, and paid him a part of the royalties due under their sublease contract, but that a large sum for rents and royalties which have accrued under this contract is due complainant from the respondent. And then facts are set out to show the amount due, aggregating the sum of $4,209.25, and under the express terms of the lease, complainant has a first lien upon all property of all kind placed in or upon said lands by the said Peerless Coal Company, to secure the payment of such balances as may be found due. Three reasons are stated, as breaches of the contract, for the annulment of the lease: First, the failure to pay rents and royalties; second, failure to work said mines with reasonable diligence; and, third, failure to open and operate said mines in a skillful and miner-like way. It is then alleged that respondent is insolvent, and financially unable to prosecute the work of carrying on the mining operation, as contemplated by the contract. Notice in writing is also averred, demanding rents and royalties, and also notice of the termination of the lease.

D. A. McGREGOR, for appellant. The equity of the bill may be tested by general demurrer which is tantamount to a motion to dismiss for want of equity.— Section 3121, Code 1907. Where the facts show that complainant is without a right to equitable relief such demurrer will be sustained.—*Blackburn v. Fitzgerald*, 130 Ala. 589; 75 Ala. 368. The sustaining of one ground is the sustaining of the demurrer where the demurrer contains more than one ground and all of which are addressed to the bill as a whole.—*Kinney v. Reaves*, 139 Ala. 386. The bill contained blanks and this is certainly demurrable.—Rule 10, Chancery Practice;

*McKenzie v. Baldridge,* 49 Ala.· 564.   No privity is shown.—*Robinson v. Lehman-Durr & Co.,* 72 Ala. 401. The complainant had a plain and adequate remedy at law.—3 ·Mayf. 197.

A. F. FITE, for appellee.   Counsel discuss the errors assigned· and insist that it is apparent that there is no merit in the appellant's contention but that the appeal was merely for a delay and should be promptly considered and affirmed.   He cites no authority.

MAYFIELD, J.—This appeal is from a decree overruling a demurrer to the bill.   The bill was filed by the lessor of a coal mine, to cancel and annul a written lease which was claimed to have been breached · and forfeited by the tenant, and for an accounting as for rents.   One error only is assigned, and that is to the overruling of the demurrer to the bill.

The appellant says in his brief that the appeal is taken to test the equities of the bill, and argues only that proposition.   It is argued by the appellant that the demurrers should be sustained because the complainant has a plain and adequate remedy at law, and because the bill contained blanks, and because it showed no privity between the complainant and the defendant.   The fact· that the bill contained blanks, such as are shown on the face of the bill, to wit, the mere failure to fill in the given date, of course does not go to the equity of the bill.   Moreover, this date is made certain by reference to other parts of, and exhibits to, the bill.

As to the other general grounds· that the complainant had a plain and adequate remedy at law, and that there was no privity between the parties such as authorized a bill of this kind, it is sufficiently answered on the face

of the bill; but, on the contrary, the bill alleges facts which if true shows that the remedy at law, if such there be, would be neither adequate nor complete, and it also alleges in terms and in effect that the relation of landlord and tenant exists between the parties.

There is clearly no merit in the appeal.

Affirmed.

DOWDELL, C. J., and ANDERSON, and DE GRAFFENRIED, JJ., concur.